### Castricone
### v.
### Barcalow
*[Cite as 4 AOA 235]*

*Case No. 87-B-35*
*Belmont County, (7th)*
*Decided June 7, 1990*

*Richard L. Lancione, 3800 Jefferson St., Bellaire, Ohio 43906, for Plaintiff-Appellant.*

*Keith A. Sommer, 409 Walnut St., P. O. Box 279, Martins Ferry, Ohio 43935, Richard B. Blair, 1000 Bank One Bldg., Youngstown, Ohio 44503, for Defendant-Appellee.*

COX, J.

This is a properly perfected appeal from a jury verdict for the plaintiff-appellant, Donald M. Castricone, in the amount of $10,000.00. The jury found appellant to be fifty percent responsible for the accident and judgment was granted for appellant in the amount of $5,000.00. Appellant filed a motion for a new trial which was denied by the trial court.

Appellant was a passenger in the vehicle driven by defendant-appellee, William L. Barcalow. Both parties had been drinking prior to the accident. Appellant, in his complaint, alleged the appellee's driving ability may have been impaired by his use of alcohol. Appellee, in his answer, admitted negligence.

In his appeal, appellant alleges eight assignments of error, and for purposes of economy, we will address appellant's second assignment of error first, which reads as follows:

"The Trial Court improperly failed to grant Plaintiff's Motion for Summary Judgment on the issues of assumption of the risk and contributory or comparative negligence."

This assignment of error is stated as a motion for summary judgment but is properly labeled as one referring to a motion for a directed verdict. Rule 50(A)(4) of the Ohio Rules of Civil Procedure states:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

At issue here is the question of whether a passenger is contributorily negligent and/or assumes the risk if he rides with someone who has been drinking. The test the trial court should have used in considering this motion would be; (1) did the passenger know the driver was *significantly intoxicated,* and (2) did the passenger know the driver had a diminished ability to control the vehicle due to the consumption of alcohol. A complete reading of the transcript and the pleading in this case demonstrates that in the com-

plaint itself, the appellant alleged the driver's ability may have been impaired due to alcohol. This was never admitted by the appellee, although he did admit negligence. There was no introduced to show that the driver was under the influence of alcohol at the time of the accident. The evidence further demonstrated that the passenger asked the driver about his driving ability. The appellee, on direct examination, responded to a question posed by his own attorney:

"Q. When you get in the car, did I ask you if Mr. Castricone questioned your driving ability?

"A. He asked me if I was okay. I said, 'Yeah.' You know, he was okay, and said, yeah." (Tr. 522).

Further, on cross examination, this same witness said:

"Q. Bill, when you got in the car to leave the Three K's--

"A. Um-hum.

"Q. --Did you feel competent to drive that car in an appropriate manner?

"A. I would have to say, yes." (Tr. 528-529).

On re-direct by his counsel, appellee was asked:

"Q. Bill, as you look back on it now, could you feel the effects of the alcohol that you had been consuming for the period of time of the afternoon?

"A. I would say, yes, a little bit." (Tr. 529).

The appellant's testimony, on page 6 of the transcript indicated:

"Q. Tell the Jury how the accident occurred.

"A. Well, we left the place we was in, started toward Shadyside, be north, and the car went off the right side of the road off the berm. And, I was--I was looking around out the window at the time. And, Bill cursed and said, 'Somebody coming left of center,' and run him off the road. And, he proceeded to pull the car back up onto the road. And, when the car come back onto the road, is sort of lurched and went across the road."

This is the key evidence the trial court heard and construing that evidence most strongly in favor of the party against whom the motion was directed, the court could not nor should not have come to the decision that the passenger knew the driver was substantially intoxicated or substantially impaired and should have granted the appellant's motion for a directed verdict on contributory negligence and assumption of the risk. We find this assignment of error to have merit.

Appellant's first assignment of error alleges:

"The verdict of the jury is against the manifest weight of the evidence."

We have read the entire record in this matter and will consider the case based on the guidelines in *State* v. *Mattison* (1985), 23 Ohio Ap. 3d 10, those being; (1) the reviewing court is not required to accept as true the incredible; this is not at issue; (2) whether the evidence is uncontradicted; as stated in assignment of error no 2, the evidence was uncontradicted as to the passenger's knowledge of the driver's impairment; (3) whether the witness was impeached; there is conflicting evidence here and as to the injury alleged by the plaintiff there was certainly conflicting evidence; (4) what was not proved; (5) the certainty of the evidence; (6) the reliability of the evidence; (7) whether the witness's testimony is self-serving; and (8) whether the evidence is vague, uncertain, conflicting or fragmentary. Realizing these are merely guidelines, not hard and fast rules, we find the jury's conclusion in reaching its verdict, with the error at law discussed in assignment of error no. 2, to be against the manifest weight of the evidence. Therefore, we find appellant's first assignment of error to have merit.

Appellant's third assignment of error alleges:

"The charge by the Trial Court on assumption of the risk was improper."

If the evidence herein had been sufficient to warrant a charge on assumption of the risk we conclude the trial court would have acted properly. However, based on the prior discussion of assignment of error nos. 1 and 2, we find this assignment of error to have merit.

Appellant's fourth assignment of error alleges:

"The Trial Court improperly refused to give Plaintiff's proffered charge on aggravation of a preexisting injury, and the charge as given was inadequate."

We find this assignment of error to be without merit since the appellant failed to object to the instructions given to the jury and failed to set out his objections to the charge.

Appellant's fifth assignment of error alleges:

"The Court improperly overruled Plaintiff's objection to a question asked by defense counsel relative to the Plaintiff wearing a seat belt."

We find this to be error even though the question was directed at an accident involving the appellant had ten days prior to the one at issue. However, we find such error to be harmless.

Appellant's sixth assignment of error alleges:

"The Court improperly overruled numerous objections by Plaintiff relative to improper questions asked by defense counsel."

A complete reading of the record in this matter shows both parties were well represented by their counsels so that no undue advantage existed for either side. Therefore, the error, if any, was harmless.

Appellant's seventh assignment of error alleges:

"The Court improperly admitted as an exhibit the office file of Dr. Bonnett."

Again, the appellant failed to object and state his reasons why the file should not have been admitted, and any error the court may have made by admitting the file as a business record was harmless.

Appellant's eighth assignment of error alleges:

"Counsel for Defendant engaged in highly improper and inflammatory final argument."

The trial court permitted a great deal of latitude in closing arguments of this matter. However, a thorough reading of the final arguments does not persuade this court went beyond propriety or abused its discretion in not interjecting and limiting argument. We find this assignment of error to be without merit.

*Judgment reversed and*
*cause remanded.*

O'NEILL, P.J., and DONOFRIO, J., concur.